# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Everett Lamar Braxton, | No. CV-22-01006-PHX-JJT (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, *et al.*, | |
| Defendants. | |

At issue is the Report and Recommendation (Doc. 68, "R&R") entered by United States Magistrate Judge Camille D. Bibles, recommending that Plaintiff's Motion to Amend (Doc. 58) his Second Amended Complaint (Doc. 15, "SAC") be denied, and that his Third Amended Complaint (Doc. 65, "TAC") be stricken. Plaintiff has timely filed Objections to the R&R (Doc. 69), which the Court also considers.

The Court set the deadline for Plaintiff to file any motion to amend his SAC on May 12, 2023. (Doc 25.) Upon Plaintiff's motion, however, Judge Bibles extended that deadline to July 28, 2023 (Doc. 52.) Plaintiff's Motion for leave to amend (Doc. 58) and his accompanying proposed TAC, filed and lodged, respectively, on July 17, are therefore timely. On July 31, 2023, Plaintiff also inexplicably, and unnecessarily, filed his TAC onto the docket while the Court was still awaiting briefing from Defendants on Plaintiff's Motion to Amend. (Doc. 65.)

As Judge Bibles noted, the decision whether to grant leave to amend is committed to the Court's discretion, *Hartmann v. California Dep't. of Corr. & Rehab.*, 707 F.3d 1114,

1129 (9th Cir. 2013), and the futility of a proposed amendment is sufficient grounds to deny leave to so amend. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). Judge Bibles also correctly points out that allowing Plaintiff to amend his SAC to include his proposed new claim would be futile. His new claim against C.O Stowe, Capt. Rubio and an unidentified disciplinary investigator is based on these persons' alleged failure to report the assault after the fact, which he alleges resulted in a loss or non-preservation of evidence that led to an inability to bolster either 1) any criminal investigation of the assault against Plaintiff or 2) the instant civil action he brings through the preservation of additional evidence.

But such failures to report, even taken as true, do not lead to a federal constitutional violation, as Judge Bibles correctly reasoned. Plaintiff has no federal constitutional right to an investigation of the assault upon him; nor does he have a federal constitutional right to the preservation of evidence of same. The Arizona Department of Corrections, Rehabilitation and Re-Entry (ADCRR) Department Order 608 contains reporting requirements for Department personnel who gain knowledge of qualifying assaults and other felonies involving inmates and others. Plaintiff may pursue ADCRR grievance and related procedures for a violation of such Department Order. But the requirements of D.O. 608 do not create a constitutional right, and its violation does not create a cognizable constitutional deprivation addressable under 42 U.S.C. § 1983.

The Court has closely evaluated Plaintiff's Objections. In it he ably relates what he alleges happened to him and argues that the inmates' actions against him constituted a crime. The Court does not dispute that if the allegations are proven, Plaintiff would be correct. He then quotes two pages of ADCRR Department Orders setting forth various duties of ADCRR employees that require action and compliance with Orders, as well as a provision of the Arizona State Constitution requiring the State to "preserve and protect victims' rights to justice and due process." Again, neither the Department Orders of the ADCRR or the state constitution create a federal constitutional right.

. . . .

     Finally, Plaintiff cites the Due Process clause of the Fifth Amendment to the Constitution of the United States and its provision that "[n]o person shall be . . . . deprived of Life, Liberty, or property without due process of law." (Doc. 69 at 5.) But while the Due Process clause surely identifies a federal constitutional right whose violation would be subject to redress under Section 1983, it does not address the proposed new claim he makes in his TAC. The allegations in the new claim if taken as true are that Plaintiff was deprived of an investigation and the preservation of evidence. None of that is the deprivation of life, liberty or property.

     For all of these reasons, Plaintiff's proposed new claim in the TAC represents a futile amendment. Even if all new allegations are taken as true, it still would be immediately subject to dismissal for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P 12(b)(6).

     **IT IS THEREFORE ORDERED** overruling Plaintiff's Objection (Doc. 69) and adopting in whole Judge Bibles's R&R (Doc. 68), including all of her reasoning therein.

     **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend Second Amended Complaint (Doc. 58).

     **IT IS FURTHER ORDERED** striking the Third Amended Complaint (Doc. 65). Litigation shall proceed in this matter according to the claim in the SAC.

     Dated this 2nd day of November, 2023.

                             Honorable John J. Tuchi
                             United States District Judge